USCA1 Opinion

 

 [Not for Publication-Not to be Cited as Precedent] United States Court of Appeals For the First Circuit  No. 98-1046 WALTER K. GRANT,  Plaintiff, Appellant,  v.  JAMES RIVER CORPORATION OF VIRGINIA, ET AL.,  Defendants, Appellees.  APPEAL FROM THE UNITED STATES DISTRICT COURT  FOR THE DISTRICT OF MASSACHUSETTS  [Hon. William G. Young, U.S. District Judge]  Before  Torruella, Chief Judge, Rosenn,* Senior Circuit Judge, and Stahl, Circuit Judge.   Edwin J. Carr, with whom Carr & Liston was on brief forappellant. David F. Dabbs, with whom McGuire, Woods, Battle & Boothe LLP,Francis C. Lynch, Dawn Reddy Solowey, and Palmer & Dodge LLP wereon brief, for appellees.June 22, 1998____________________*Of the Third Circuit, sitting by designation. Per curiam. Upon review of all documents in the record(not just those before the administrative tribunal), assumingarguendo that our review of this matter is de novo, and assumingarguendo that plaintiff-appellant Walter K. Grant's construction ofthe phrase "other regular gainful occupation" (as used in thebenefits plan at issue) is the correct one, we affirm the judgmentof the district court on the ground that there is insufficientevidence, indeed no evidence, upon which a rational factfindercould conclude by a preponderance of the evidence that Grant was"totally disabled . . . from engaging in . . . any . . . regulargainful occupation" as of the date of his termination. The July24, 1991 letter from Dr. Oliver upon which Grant so heavily reliestends to establish only that Grant could not, as of that point intime, return to his then "current work environment."  In affirming the lower court's judgment, we regard aswaived Grant's breach of fiduciary duty claim. But even if Granthad not waived this claim, the relief sought thereunder isprecluded by Massachusetts Mut. Life Ins. v. Russell, 473 U.S. 134(1985). Affirmed. Costs to appellees.